CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
RHx
APR 2 3 2007
JOHN F. CORCORAN, CLERK
BY: H(McDonald)
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CARLTON L. CHANEY,<br>    Petitioner, | )<br>)  Civil Action No. 7:07CV00121<br>) |
| v. | )  **MEMORANDUM OPINION**<br>) |
| TERRY O'BRIEN,<br>    Respondent. | )  By: Hon. Jackson L. Kiser<br>)  Senior United States District Judge |

The petitioner, Carlton L. Chaney, a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Upon review of the petition, the court concludes that Chaney has failed to demonstrate entitlement to relief under § 2241. Accordingly, Chaney's petition must be dismissed.

Chaney is currently incarcerated at the Federal Correctional Institution in Greenville, IL. However, at the time his petition was filed Chaney was incarcerated at United States Penitentiary in Lee County, Virginia. For purposes of ruling on a habeas petition, "[j]urisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction." United States v. Edwards, 1994 U.S. App. LEXIS 16271 at *2-3 (4th Cir. 1994). Thus, although Chaney is incarcerated in Illinois, Chaney filed his petition with this court and therefore this court retains jurisdiction.

In 1998, the United States District Court for the Southern District of Indiana sentenced Chaney to a total term of imprisonment of 430 months for armed bank robbery, carjacking, two counts of using a firearm while committing a crime of violence, and possessing a firearm after having been convicted of a felony. Chaney appealed his convictions to the United States Court of Appeals for the Seventh Circuit. On October 23, 1998, Chaney's convictions were affirmed.

Chaney subsequently filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The district court initially denied the motion, but the Seventh Circuit vacated the decision. On remand, Chaney's motion was again denied. The district court's decision was affirmed by the Seventh Circuit on June 14, 2004.

In his present petition, Chaney challenges his 18 U.S.C. § 924(c) convictions, which are for using a firearm while committing the crimes of armed bank robbery and carjacking. However, an inmate may not challenge the validity of his convictions or sentence in a § 2241 petition, unless a § 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381, 51 L. Ed. 2d 411 (1977). The Fourth Circuit has held that a § 2255 motion is inadequate and ineffective to test the legality of an inmate's detention only when the following three elements are shown:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

Assuming *arguendo* that Chaney can satisfy the first and third elements of the In re Jones test, the issue in this case is whether a change in law from a circuit other than the one in which Chaney was convicted is sufficient to satisfy the second element. The crux of Chaney's argument is that his two predicate offenses, bank robbery and car jacking, "were derivatives of a continuing criminal activity and [therefore] he should have been charged with only one § 924(c)

violation." In attempt to satisfy the second element of the In re Jones test, Chaney cites to United States v. Phipps, 319 F.3d 177, 187-88 (5th Cir. 2003), where the United States Court of Appeals for the Fifth Circuit held that § 924(c)(1) "does not unambiguously authorize multiple convictions for a single use of a single firearm based on multiple predicate offenses." However, Chaney's argument that Phipps allows him to satisfy the second element of In re Jones is without merit.

Although there is no Fourth Circuit authority which directly addresses the question of whether a change in law from the circuit other than the one in which the petitioner was convicted is sufficient to satisfy the second element of In re Jones, case law from the Seventh Circuit is instructive. In In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998), the United States Court of Appeals for the Seventh Circuit examined whether a petitioner could maintain a § 2241 petition and held that "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." The Davenport court further noted that "'change in law' is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated;" and that "[w]hen there is a circuit split, there is no presumption that the law in the circuit that favors the prisoner is correct . . . ." Id. at 612.

In Zuniga v. Gilkey, 242 F. Supp. 2d 549, 554 (S.D. Il. 2001), the United States District Court for the Southern District of Illinois clarified the Davenport circuit split rule: "[t]he rule ensures that the law that prevails in the judicial circuit of any federal prisoner's conviction, or a substantially similar law, is the law that will be applied to the prisoner's § 2241 petition seeking vacation of a conviction." The Zuniga court also offered a sound policy argument behind the

3

Davenport circuit split rule: "[a]pplication of the law of the place of conviction is a consistent, reasonable rule, as is evidenced by the requirement that § 2255 motions be filed in the district of conviction." Id. Applying this rule to the instant case, it is clear that Chaney's § 2241 petition must be dismissed. Chaney was convicted in the United States District Court for the District of Indiana, which is located in the Seventh Circuit. In United States v. Cappas, 29 F.3d 1187, 1190 (7th Cir. 1994), the United States Court of Appeals for the Seventh Circuit held that "separate [§ 924(c)] convictions are permissible so long as the court's instructions require the jury to connect each gun use to a separate predicate offense." This was settled law at the time of Chaney's 1997 conviction; and it is still settled law in the Seventh Circuit. See United States v. Curtis, 324 F.3d 501, 508 (7th Cir. 2003) ("where two separate predicate offenses exist, there is no problem with imposing two enhancements under § 924(c)). Therefore, because Chaney could still be convicted of two separate § 924(c) convictions in the Seventh Circuit, his § 2241 petition must be dismissed.

Given that Chaney has not alleged any connection to the Fifth Circuit, I cannot conceive of any reason why Fifth Circuit substantive law should apply to this case. However, given that Chaney is currently incarcerated in the Fourth Circuit, I am compelled to explain why I am not applying Fourth Circuit substantive law.[1] According to the Zuniga court, "applying the

---

[1] Fourth Circuit authority does not support petitioner's argument. See United States v. Camps, 32 F.3d 102, 106 (4th Cir. 1994) ("consecutive sentences under section 924 (c)(1) are appropriate whenever there have been multiple, separate acts of firearm use or carriage, even when all of those acts relate to a single predicate offense."). Thus, even if the court were applying Fourth Circuit substantive law, petitioner would not be entitled to relief. Nonetheless, I am compelled to explain why I am not applying Fourth Circuit substantive law in light of the fact that I am applying In re Jones, which is a Fourth Circuit procedural law. At first blush, this may seem paradoxical. However, based on the facts of this case, it makes perfect sense. A § 2241 petition must be brought in the federal district in which the petitioner is incarcerated. See § 2241(a). It would follow that the procedural law governing when a § 2241 is appropriately brought, would be that of the circuit in which such a federal district court resides. Here, that circuit would be the Fourth Circuit, and the governing procedural law would be In re Jones. However, in order to satisfy this procedural law, a petitioner must point to a change in substantive law. See In re Jones, 226 F.3d 328, at 334. For the reasons set forth above, sound policy dictates that such a change should be in the substantive law of the circuit in which the petitioner was convicted, and not the circuit in which petitioner is incarcerated.

substantive law of the place of confinement . . . would base the choice of law decision on the fortuitous placement of a prisoner by the Bureau of Prisons, not the more rational factor of the place of conviction." Zuniga, 242 F. Supp. 2d 549, at 554. Other compelling reasons offered by the Zuniga court for not applying the law of the circuit of incarceration include: (1) "co-defendants convicted of the exact same crimes [could be] treated differently [based on] on the location of their confinement;" and (2) prisoners may be inclined to modify their behavior in the hopes of being transferred to a prison that is located in a different circuit in order to avail themselves of the benefits of that circuit's substantive law. Id. Based on these compelling policy arguments, I agree with the Zuniga court that the substantive law relevant to a § 2241 petition is that of the circuit in which the petitioner was convicted. Thus, as stated above, Chaney could still be convicted of two separate § 924(c) convictions in the Seventh Circuit. Accordingly, Chaney's § 2241 petition must be dismissed.[2]

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 23rd day of April, 2007.

*[signature]*
Senior United States District Judge

---

[2] The petitioner is advised that if he wishes to file a second or successive § 2255 motion in the Southern District of Indiana, he must first receive pre-filing authorization from the Seventh Circuit. See 28 U.S.C. § 2255, ¶ 8.

5